## JOHN C. DUELL, Respondent, v. THE BEAR RIVER AND AUBURN MINING COMPANY, Appellants.

A new trial will not be granted unless the record discloses a gross abuse of discretion.

The verdict of a jury will not be reviewed where the evidence is contradictory, or where the jury refuse to give full credit to the testimony of witnesses.

When an estoppel in pais is set up against a vendee, arising from the declarations of his vendor, the party setting it up must show that such declarations were the main inducement to their act in obtaining the right in controversy.

APPEAL from the District Court of the Eleventh Judicial District, Placer County.

The facts freely appear in the opinion of the Court.

*Crocker & Robinson*, for Appellants.

*Edwards & English*, for Respondent.

No briefs on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This is a cause in which it appears from the record, that the Bear River Water Company having used at various places the water they were conducting for mining purposes, discharged the same into a ravine filled for the greater part of the year with living water. It appears, that two ditches had been previously constructed upon the ravine, for the purpose of using the natural water running therein, one called the " Patterson Ditch," and another the " Allen Ditch "

It also appears, that the Bear River Company, the defendants, in order to be able to take up the water which they discharged into the ravine, and for other purposes, purchased out the right of the " Allen Ditch," and also constructed one called the " New Castle Ditch," leading from the same ravine. But previous to the purchase of the " Allen Ditch," and the construction of the one called the " New Castle Ditch," the defendants, the Bear River Company, assert and seek to establish by the evidence, that the owner of the " Patterson Ditch" stated to the officers of the Bear River Company, that he claimed for his Ditch but twenty-four cubic inches of water; and they claim that Duell, the purchaser of the " Patterson Ditch," is limited to that amount of water, being bound by the statement of Patterson, in regard to the Ditch. It seems that the jury found the capacity of the " Patterson Ditch " to be greater than twenty-four inches, and brought in their verdict for the plaintiff.

Upon the motion for a new trial, the Court refused to disturb the verdict, and from the decision upon that motion, the appeal is taken.

The points raised by the appellants are, First—That the plaintiff is estopped by Patterson's representations, from claiming priority to more than twenty-four inches of water, as against defendants. To make the doctrine of estoppel apply, it was for the defendants to show, that the declarations of Patterson were inducements to the purchase of the " Allen Ditch," by the defendants, and inducements to the construction of the " New Castle Ditch," and that defendants were moved so

to act, mainly upon such representations. This does not appear in the evidence in said cause.

The other points made in the case, all turn upon the sufficiency of the testimony given before the jury, and the exercise of the discretion of the Judge who tried the cause, in refusing to grant a new trial.

This Court will not reverse an order made by a Judge refusing to grant a new trial, unless there has been a gross abuse of his discretion in the premises; nor will the Court review the verdict of a jury where the evidence is contradictory, or where the jury refuse to give full credit to the testimony of witnesses. There is sufficient evidence sent up in this case upon which to base the verdict of a jury.

The judgment of the Court below is affirmed, with costs.